**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER ANNE COX MCCLAIN, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CASE NO. 4:12-CV-522 | |
| § | | |
| COMMISSIONER OF SOCIAL SECURITY § | Judge Clark/Judge Mazzant | |
| ADMINISTRATION, § | | |
| § | | |
| *Defendant.* § | | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 24, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the Commissioner's decision denying Plaintiff's claim for disability insurance benefits be affirmed [Doc. #17]. On November 12, 2013, Plaintiff filed objections [Doc. #19].

Plaintiff first objects to the finding of the Magistrate Judge that the ALJ's residual functional capacity determination adequately addressed the impact of Plaintiff's ADHD, anxiety, and depression on her ability to work. Plaintiff contends that the Magistrate Judge ignored the objective findings of Dr. Shackelford and did not properly address Dr. Ryser's concerns about Plaintiff's ability to work.

The Magistrate Judge found that substantial evidence supported the ALJ's residual functional capacity determination that Plaintiff can perform non-complex, detailed work without

any physical limitations [Doc. #17 at 4].  The Magistrate Judge found that the ALJ considered medical record evidence, Plaintiff's subjective allegation, opinion evidence, and third party statements about Plaintiff's limitations, and Plaintiff's reports of daily activities to determine Plaintiff's residual functional capacity. *Id*. at 5.  The Magistrate Judge noted that the ALJ found that Plaintiff's mental health issues contributed to some diminution in concentration and attention, and found that medical evidence supported that finding.  *Id*.  Both the ALJ and the Magistrate Judge considered the findings of Dr. Shackelford and Dr. Ryser.  In addition, both the Magistrate Judge and the ALJ considered the subjective complaints of Plaintiff regarding her pain and depression.

The Magistrate Judge must review the decision of the ALJ to determine whether there is substantial evidence in the record to support his decision.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  This court cannot reweigh the evidence or substitute its judgment for that of the ALJ, and conflicts in the evidence must be resolved by the ALJ.  *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995); *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).  The Magistrate Judge found that substantial evidence supported the residual functional capacity assessment of the ALJ, and this court agrees.  It would be improper for the court to reweigh the evidence or substitute its judgment for that of the ALJ, especially where substantial evidence supports the ALJ's findings.  Further, there is no indication that either the ALJ or the Magistrate Judge ignored the report of Drs. Shackelford and Ryser, as both mentioned both reports in their findings, indicating that they considered those reports.  Plaintiff's objection is overruled.

Plaintiff also objects to the findings of the Magistrate Judge regarding Plaintiff's subjective complaints of pain and argues that this issue was not properly addressed by the Magistrate Judge.  However, both the Magistrate Judge and the ALJ considered Plaintiff's

subjective complaints of pain and depression, and found her not to be entirely credible based on her reports of her daily activities. For example, despite the plaintiff's complaints of pain and depression limiting her ability to work, she was able to participate in weekly exercise classes, attend to personal hygiene, do household chores, manage the finances for herself and her husband, and drive [Doc. #17 at 6]. Contrary to the plaintiff's assertion, the ALJ may consider evidence of daily activities to evaluate the credibility of the plaintiff. *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990). However, the ALJ and the Magistrate Judge also concluded that the plaintiff's complaints of pain were not entirely credible for a second reason, which was the objective medical evidence did not corroborate such complaints. The ALJ determined that the plaintiff's medications were relatively effective in controlling her symptoms. Where an impairment can reasonably be controlled by therapy, that impairment cannot be the basis for a disability finding. *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988). Plaintiff's objection is overruled.

Plaintiff next objects to the finding of the Magistrate Judge that the ALJ did not err in his consideration of work available in the national economy that the plaintiff could perform. Specifically, Plaintiff asserts that the ALJ failed to consider the vocational evidence, ignored the testimony of the testifying vocational expert, and failed to satisfy his burden to establish that there was other work available in the national economy. Plaintiff also asserts that the ALJ failed to consider the hypothetical posed by the plaintiff's counsel. The Magistrate Judge determined that the ALJ did not bear the burden to demonstrate that there was work available in the national economy that the plaintiff could perform because the ALJ did not reach step five in the evaluation [Doc. #17 at 7]. Instead, the ALJ determined at step four that the plaintiff was able to perform past relevant work. *Id.*; *see Watson v. Barnhart*, 288 F.3d 212, 216 (5th Cir. 2002)

(stating that burden of proving other work plaintiff can perform exists does not shift until fifth step of sequential evaluation). Plaintiff fails to explain why this is not the correct law, and Plaintiff's objection is overruled.

The Magistrate Judge also found that the hypothetical question posed by Plaintiff's counsel was defective because it assumed the existence of Plaintiff's complaints, namely that she would miss two to four days a month of work due to migraine headaches [Doc. #17 at 7]. The ALJ found that this limitation was not supported by the medical evidence, and that Plaintiff was able to control her migraines with the appropriate medication. A vocational expert's opinion is irrelevant if it is based on a hypothetical that assumes facts that are not accepted by the ALJ. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). For this additional reason, Plaintiff's objection is overruled.

Last, Plaintiff objects to the finding of the Magistrate Judge that the ALJ properly discounted Plaintiff's credibility. Plaintiff contends that the ALJ did not consider Social Security Ruling 96-7p, because he did not specifically mention it in his ruling. Plaintiff argues that the Magistrate Judge cannot presume that the ALJ considered Social Security Ruling 96-7p. However, the plaintiff ignores the fact that the ALJ must explain his rationale for rejecting the plaintiff's complaints, but he is not obligated to follow "formalistic rules in his articulation." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). The Magistrate Judge found that the ALJ considered the entire medical record, including evidence of Plaintiff's daily activities, frequency of Plaintiff's alleged pain, the types, effectiveness and side effects of the medications Plaintiff was taking to alleviate her pain, the conservative nature of her medication-only treatment plan, and the inconsistencies between Plaintiff's symptom reports [Doc. #17 at 9]. This evidence encompasses all the factors that an ALJ is required to consider in evaluating credibility under

4

Social Security Ruling 96-7p, and the court finds it unnecessary for the ALJ to specifically state whether he considered Social Security Ruling 96-7p in his decision. Plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiff's objections are without merit and are, therefore, overruled.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

So **ORDERED** and **SIGNED** this **8** day of **February, 2014.**

_____
Ron Clark, United States District Judge